UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                              No. 03-4225

RONALD DAVID CHERNEY,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-02-30)

Submitted: September 30, 2003

Decided: October 9, 2003

Before WILKINSON, NIEMEYER, and MICHAEL,
Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Christopher R. Clifton, GRACE, HOLTON, TISDALE & CLIFTON,
P.A., Winston-Salem, North Carolina, for Appellant. Anna Mills
Wagoner, United States Attorney, Robert M. Hamilton, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Ronald David Cherney drove the getaway car for two co-
defendants who robbed an armored van as it made a delivery of
money to an ATM machine. Cherney pled guilty to interference with
commerce by robbery in violation of 18 U.S.C. §§ 1951, 2 (2000) (the
"Hobbs Act"), and was sentenced to a term of 151 months imprison-
ment. Cherney appeals his sentence, contending that the district court
clearly erred when it refused to give him an adjustment for having a
minimal or minor role in the offense. *U.S. Sentencing Guidelines
Manual* § 3B1.2 (2002). We affirm.

Cherney's co-defendants planned the robbery for several months.
One of them was a former employee of the company that made the
ATM deliveries and had driven the route where they carried out the
robbery. Cherney became involved just before the robbery. He drove
his co-defendants to the ATM site well before the scheduled delivery
and then drove to another location. Armed with a submachine gun,
the co-defendants accosted and tied up the armored van's driver and
guard, drove the armored van to the place where Cherney was wait-
ing, loaded the money into the getaway car, and torched the armored
van.

In this circuit, a determination that a defendant merits a mitigating
role adjustment depends on "not just whether the defendant has done
fewer 'bad acts' than his co-defendants, but whether the defendant's
conduct is material or essential to committing the offense." *United
States v. Pratt*, 239 F.2d 640, 646 (4th Cir. 2001) (internal quotation
omitted). Cherney argues that his conduct was not essential because
someone else could have been recruited to drive the getaway car.
However, it was essential that someone drive it, and he agreed to do
so. Cherney also contends that, under the 2001 amendment to § 3B1.2
(defining a "participant" as a person involved in the offense), his con-

duct should be compared only to the conduct of his co-defendants, not to a hypothetical "average" participant in an armored car robbery. Taking the amendment into account, as did the district court, we conclude that the district court did not clearly err in finding that Cherney's conduct did not merit a mitigating role adjustment.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*